Ruffin, C. J.
 

 Before considering the merits, and whether the answers meet the equity, the plaintiff’s counsel took some preliminary objections to entertaining at all the motion to dissolve the injunction. It was insisted, that the exceptions to the two first answers being undis
 
 *243
 
 posed of, stood in the way of that motion ; and also, that after the motion had been once refused, it could not be renewed. In England, the Court never passes on exceptions in the first instance. Hence a reference of an answer for impertinence, or of exceptions to its sufficiency is good cause against dissolving an injunction.
 
 Fisher
 
 v.
 
 Bayley, 12 Vis.
 
 18.
 
 Goodinge
 
 v.
 
 Woodhams,
 
 14 Vis.
 
 534.
 
 Indeed, a motion to dissolve will not be heard until the answer has been filed a certain time, so as to afford an opportunity to the other side to consider it, and move a reference for impertinence, or except for insufficiency. Those rules of practice are convenient and proper there as the Court is always open, and can require the plaintiff to except in a reasonable time, and to'speed the report, so as not to delay the motion to dissolve unreasonably; and they greatly facilitate the business, as thereby, the attention of the Judge, on the motion to dissolve, is not required to any thing but the merits. But rules of practice must vary according to the different conditions of courts and suitors, so as to promote substantial justice, as far as may be, in the actual state of things. The shortness of our terms, which are limited to one week, twice a year, put it entirely out of our power to adopt the English course with any kind of regard to the justice due to the defendant in injunction causes. Therefore, although it does not allow to the plaintiff’s counsel as much time as is desirable to prepare exceptions or argument, and also greatly increases the burden of the Judge, the Court was obliged to say, in
 
 Smith
 
 v.
 
 Thomas,
 
 2 Dev. & Bat. Eq. 126, that exceptions did not answer the motion to dissolve, but that the defendant might bring on both to be argued together, and that the Court would dissolve the injunction unless the exceptions proved to be well founded. Indeed, when one considers the matter, it is found, that, even without the exceptions, the Court would not dissolve the injunction, if there be such an insufficiency in the answers, as is material to the equity, on which the in
 
 *244
 
 junction was granted, and would form a just ground of exception. So that, in truth, the rule in England is designed chiefly to clear the case, on the motion to dissolve, of every thing extraneous, that the counsel and the Court may not be perplexed with any matter not directly relevant to that motion, on the merits purely. The Court would gladly adopt the same course here, if it might be done without the risk of great injury to defendants; and, no doubt, if there were reason to suppose that a defendant had kept back his answer purposely to conceal its contents and gain an advantage, the Court would not act upon the motion immediately, but let it stand over and allow the other side time to examine the answer. In the case before us we think the Court was entirely right in refusing to dissolve the injunction in October 1847, because the motion was founded on the answer alone, without bringing on the exceptions to it. The Court might properly have refused to hear the answer at all under those circumstances. If, indeed, the exceptions had been brought on with the motion, the Court might possibly, and, we must presume probably, have refused the motion, because the Court might have thought the exceptions well founded. But, as the case now stands, the Court here does not consider that point nor look into the exceptions, because there was no appeal upon that part of the case, and because, as we conceive, the exceptions have now had their desired effect in obtaining the answer of April 1848, which must be deemed satisfactory to the plaintiff and sufficient, as no exception was taken to it. The Court, in the order of October 1847, did not continue the injunction to the hearing, but merely refused then to dissolve it, at the same time allowing or requiring a further answer. Now, although it was right to refuse the dissolution on an insufficient answers or even to hear the answer apart from the exceptions, yet there is no reason why the defendant may not be .allowed to make or to renew a motion, after he shall have, in
 
 *245
 
 submission to the exceptions or to the order of the Court upon them, put in a further answer which meets the bill and appears to be sufficient, inasmuch as the plaintiff does not except to it. It would be exceedingly rigorous to visit the omission to put in a full answer at first, by precluding the party, after answering sufficiently, from moving to dissolve, for the effect would be, for, perhaps, a mere oversight, to continue the injunction to the hearing, though the whole equity of the bill was met by the answers, taken together. We are not aware, that there has ever been any such practice, and think there ought not to be, and it is clear that nothing of the kind was intended in the order of October 1S47, but quite the contrary. The Court is therefore of opinion, that the defendant’s motion, after his further answer at April 1848, was admissible, notwithstanding the exceptions to the previous answers and the refusal to dissolve the injunction upon those answers. In other words we hold, that, when the defendant finally put in an answer which, with the others, amounted to a full answer, to which no exception could
 
 be taken,
 
 it was open to him to move thereon to dissolve the injunction, as he might have done at the first term, if he had then sufficiently answered. For the exceptions are answered, and virtually put out of the way, and the cause is to be considered on the equity to sustain the motion, when made, as in other cases.
 

 Upon the merits the answers completely meet the
 
 bill
 
 in every respect, but those of the note given up to Mr. Alexander and the sum of #65 collected from Welch pending this suit. The defendant admits, it is true, that the plaintiff paid him $345 on account of the debt to Ram-sour, as mentioned in the bill; and he says he duly applied it to that debt. But he denies, that either of his suits against the plaintiff concerns that debt, except the small sum of about #40, included in the bond of December 1842. He states positively, that the plaintiffovved two debts, of nearly the same amount — the one, to Ram-
 
 *246
 
 sour, and the other to Henderson, and that he, the defendant was surety for both, and that although the plaintiff furnished the means of nearly paying the former, yet that he did not pay any thing to Henderson, but that the defendant paid the whole debt to him, and that it was for that debt and not the one to Ramsour, that the plaintiff gave the defendant a bond for $345 59. March 10th 1839, and, the mortgage of the same date. As the two debts were so nearly of the same amount, possibly, after so long a time, one of the parties may be under some mistake on this point. The plaintiff treats the case, as if there were but one debt, originally due to Henderson and transfered to Ramsour; while the answer is distinct and positive, that they were different debts, and that the defendant paid both. That is sufficient upon the present motion, as the answer is taken as true. But it is, moreover, to be observed, that the answer derives support on that point from the statement in the bill, that the defendant took up the plaintiff’s note from Ramsour, while ip the mortgage of the the horses and library, the plaintiff says, that the debt to Henderson, was then, March 10th 1839, in judgment, and execution out.
 

 As to the other debts, the answers are equally explicit. The defendant says, the plaintiff was mistaken in supposing that he was sued on his bond to John Motz deceased, which he admits to have been iucluded in the settle, ment of December 10th 1842, on which the bond for $426 was executed. And as to this latter bond the answers deny explicitly and peremptorialy every allegation in the bill, calculated to weaken its obligation, as a bond fairly obtained for a balance ascertained to be due on a full and final settlement, and certainly the circumstance that co. temporaneously, the plaintiff placed in the defendants hands bonds as a collateral security, and the terms in which he took the defendant’s receipt therefor, go far to give color and credit to those statements in the answer, independant of the fact that the sum due to the defendant
 
 *247
 
 was even larger than the amount of the bond, as he swears in each of his answers. For the defendant sets out the particulars, as he recollects them, shewing a balance to him of upwards of $200, if, after crediting the plaintiff with the bond for $426, he be also credited with the defendant’s debt to James M. Edney. In fine, upon the answers both the bonds to the defendant were justly due. The imputation of laches in regard to the bonds to be collected is also rebutted, not only by the statements that the defendant duly employed Attorneys to attend to the business, but that in fact the debtors were insolvent, and that nothing could be got from them, except the sum of $65 from Welch-; for which it is admitted the plaintiff is entitled to credit at the period of taking the judgments. The defendant is further accountable, at least for the present, for the bond for $40 and interest thereon from December 10th 1842, which he surrendered to Mr. Alexander, as he did so without consulting the plaintiff and he does not show that Mr. A’s claim to it was well founded. As to the $65 the injunction ought to be perpetuated, and as to the $40 and interest, it should be continued and at the hearing the defendant may establish, if he can, either that the bond belonged to Mr. Alexander, or that the obligors in that also were insolvent. With these exceptions, we think the injunction should have been dissolved with costs, and to that effect a certificate must be sent to the Court of Equity. The plaintiff must pay the costs in this Court.
 

 Per Curiam.
 

 Ordered accordingly.